IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Enrique Murillo,<br><br>       Petitioner,<br><br>vs.<br><br>James Kimble, et al.,<br><br>       Respondents. | No. CV 05-1021-PHX-JWS (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

Pending before the court is Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Doc. #1.

**BACKGROUND**

Following a jury trial in Maricopa County Superior Court in 2000, Petitioner was convicted of one count of sexual assault. Doc. #23, Exh. A-2, A-4. At the sentencing hearing on May 5, 2000, Petitioner was sentenced to ten years in prison with credit for 204 days of presentence incarceration. Doc. #23, Exh. A-4. Petitioner filed a direct appeal and on May 10, 2001, the Arizona Court of Appeals affirmed the conviction in a memorandum decision. Doc. #23, Exh. C. The Court explained that Petitioner's one claim, ineffective assistance of counsel, is more properly raised in a petition for post-conviction relief. Id. Petitioner did not seek review in the Arizona Supreme Court but did filed a Notice of Post-Conviction Relief and a Petition for Post-Conviction Relief on June 6, 2001. Doc. #23, Exh. A-6, A-7. The trial court denied the petition on February 28, 2002, after concluding that Petitioner failed to show any prejudice resulting from the alleged ineffective assistance of

1  counsel.  Doc. #23, Exh. A-8.  Petitioner did not seek review of the trial court's decision in
2  the Arizona Court of Appeals or the Arizona Supreme Court.

3        Petitioner filed a second Notice of Post-Conviction Relief on November 10, 2004.
4  Doc. #23, Exh. A-9.  The trial court summarily dismissed the notice on January 11, 2005,
5  because Petitioner failed to raise the claims on direct appeal or in his first petition for post-
6  conviction relief.  Doc. #23, Exh. A-10.  Petitioner filed a letter on January 18, 2005, which
7  the trial court treated as a motion for reconsideration and summarily denied.  Doc. #23, Exh.
8  A-11, A-12.  Petitioner then filed a "Motion for Denial and Exception to the Return," which
9  the trial court treated as a second motion for reconsideration and denied.  Doc. #23, Exh. A-
10 13, A-14.  Petitioner did not seek review in the Arizona Court of Appeals or the Arizona
11 Supreme Court.

12       On August 15, 2005, Petitioner filed a third Notice of Post-Conviction Relief alleging
13 a violation of Blakely v. Washington, 542 U.S. 296 (2004).  Doc. #23, Exh. A-15.  The trial
14 court denied the petition on October 7, 2005, because Blakely does not apply retroactively
15 to convictions that are final.  Doc. #23, Exh. A-16.  On November 28, 2005, the trial court
16 denied Petitioner's motion for reconsideration.  Doc. #23, Exh. A-18.  On February 9, 2006,
17 Petitioner filed a Petition for Review in the Arizona Court of Appeals, which is still pending.

18       Petitioner filed a Petition for Writ of Habeas Corpus in this court on April 5, 2005.
19 Doc. #1.  Respondents filed an Answer to Petition for Writ of Habeas Corpus on June 16,
20 2006.  Doc. #23.  On July 12, 2006, Petitioner filed a Response to Respondents' Answer.
21 Doc. #24.

22       **DISCUSSION**

23       Respondents contend in their answer that the petition should be dismissed because it
24 was filed after the statute of limitations expired.  They argue that even though the statute of
25 limitations was tolled for a period of time, Petitioner still failed to file a timely petition.
26 Respondents further argue that even if the court finds that the petition was timely, the claims
27 are procedurally defaulted.  For the reasons set forth below, the court finds that the habeas
28

1  petition was not filed within the statute of limitations period and is therefore untimely. As
2  a result, the court need not address the procedural default issue.

3        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a
4  statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.
5  See 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from
6  "the date on which the judgment became final by the conclusion of direct review or the
7  expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Lott v.
8  Mueller, 304 F.3d 918, 920 (9th Cir. 2002). However, "[t]he time during which a properly
9  filed application for State post-conviction or other collateral review with respect to the
10 pertinent judgment or claim is pending shall not be counted toward" the limitations period.
11 28 U.S.C. § 2244(d)(2); see also Lott, 304 F.3d at 921.

12       In Arizona, post-conviction review is pending once a *notice* of post-conviction relief
13 is filed even though the petition is not filed until later. Isley v. Arizona Department of
14 Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief
15 is also pending during the intervals between a lower court decision and a review by a higher
16 court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold,
17 536 U.S. 214, 223 (2002). However, the time between a first and second application is not
18 tolled because no application is "pending" during that period. Biggs, 339 F.3d at 1048.
19 Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations
20 period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d
21 820, 823 (9th Cir. 2003).

22       Here, the Arizona Court of Appeals denied Petitioner's direct appeal on May 10, 2001.
23 Under Rule 31.19(a) of the Arizona Rules of Criminal Procedure, Petitioner had 30 days
24 from that date to file a petition for review by the Arizona Supreme Court, which he did not
25 do. Thus, for statute of limitations purposes, Petitioner's conviction became final on June 9,
26 2001. However, the statute of limitations was immediately tolled because Petitioner had filed
27 a notice of and petition for post-conviction relief three days earlier on June 6, 2001. The trial
28 court denied the petition for post-conviction relief on February 28, 2002, and the 30-day time

1   period for Petitioner to seek review in the Arizona Court of Appeals expired on March 30,
2   2002.  See Ariz. R. Crim. P. 32.9(c).  Consequently, the statutory tolling period ended and
3   the statute of limitations period began to run on March 31, 2002.  Absent any additional
4   tolling, the statute of limitations deadline was March 31, 2003.

5         Petitioner had nothing pending in the state court until he filed a second notice of post-
6   conviction relief on November 10, 2004, more than 19 months after the statute of limitations
7   deadline.  Because the deadline had already passed, Petitioner's second notice of post-
8   conviction relief did not further toll, nor did it resurrect, the statute of limitations period.
9   Similarly, Petitioner's other filings in the state court after the second notice of post-conviction
10  relief had no effect on the statute of limitations.  Therefore, when Petitioner filed his federal
11  habeas petition in this court on April 5, 2005, more than two years had passed since the
12  statute of limitations deadline.  The petition is therefore untimely.

13        Lastly, Petitioner offers in his reply an explanation for his failure to file within the
14  statute of limitations period, presumably in an attempt to claim that equitable tolling should
15  apply here.  "AEDPA's statute of limitations provision is subject to equitable tolling."
16  Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002).  However, as a general rule, equitable
17  tolling is not available in most cases and may be applied only when "extraordinary
18  circumstances beyond a prisoner's control make it impossible to file a petition on time."
19  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  An attorney's miscalculation of the
20  limitations period nor his negligence in general constitutes extraordinary circumstances
21  sufficient to warrant equitable tolling.  Miranda .v Castro, 292, F.3d 1063, 1068 (9th Cir.
22  2002).

23        Here, Petitioner claims that the lawyer he retained to represent him on appeal in the
24  state court stopped working on his case without his knowledge.  Petitioner claims that he
25  assumed the lawyer was seeking review of adverse rulings in the state court.  Petitioner,
26  however, presents nothing to show that he retained the lawyer to assist him with his federal
27  habeas petition or advise him regarding the time limit for filing such a petition.  It appears
28  from the record that the lawyer assisted Petitioner in filing his direct appeal and his first

petition for post-conviction relief. Petitioner offers nothing to show that the lawyer bore any responsibility for the statute of limitations applicable to a federal habeas petition. Petitioner has failed to demonstrate that his state appellate lawyer's actions were extraordinary circumstances beyond Petitioner's control that prevented him from filing a timely petition. Equitable tolling, therefore, does not apply here and the habeas petition is untimely.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 17th day of August, 2006.

_____
Edward C. Voss
United States Magistrate Judge